UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WALTER LOWENBERG and
GLEN DIEFENDERFER,

CASE NO.:

    **Plaintiffs,**

v.

CHESAPEAKE HOSPITALITY, LLC
A Maryland limited liability company,

    **Defendants.**
_____/

## COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiffs sue Defendant and state as follows:

1. This action seeks to recover back pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") to redress a common course of conduct by Defendant which resulted in the termination of the Named Plaintiffs as part of a mass layoff without proper legal notice.

2. Named Plaintiffs were employed by Defendant, prior to March of 2020, at the Hyde Resort & Residences in Hollywood, Florida.

3. Defendant is a Maryland limited liability company that employs over 100 employees and provides hotel management services throughout the United States.

4. On or about March 18, 2020, Defendant terminated the Named Plaintiffs as part of a mass layoff. See attached Composite Exhibit A.

5. Defendant's mass layoff deprived the Named Plaintiffs "…and their families [of] some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

6. Defendant failed to provide the Named Plaintiffs with the sixty (60) days advance written notice that is required by the WARN Act.

7. Due to COVID-19, Defendant may claim exemption from this requirement under the "unforeseeable business circumstance" exception of the WARN Act.

8. Under that exception, "[a]n employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A).

9. However, Defendants were still mandated by the WARN Act to give the Named Plaintiffs "give as much notice as is practicable." They failed to do so here, giving Named Plaintiffs no advance written notice of their respective terminations.

10. Indeed, the crucial date under the WARN Act is not the date when the company knows that a mass layoff is imminent, nor is it the date when the company finally gets around to identifying the exact employees affected by the mass layoff. Rather, the WARN Act states plainly that the trigger date is the date when a mass layoff is "reasonably foreseeable."

11. As soon as it is probable that a mass layoff will occur, the employer must provide notice as soon as is practicable.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as well as 29 U.S.C. §§ 2102, 2104(a)(5).

13. Venue in this District is proper under 28 U.S.C. §1391(b) and (c), and Section 2104 of the WARN Act, 29 U.S.C. § 2104(a)(5).

## THE WARN ACT CLAIM

14. At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees—those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "part-time employees"), and each employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

15. Upon information and belief, the terminations, on or about March 18, 2020, of the Named Plaintiffs, resulted in the loss of employment for at least 50 employees, excluding part-time employees.

16. The Named Plaintiffs were discharged without cause on their part on or about March 18, 2020, or thereafter as the reasonably expected consequence of the mass terminations that occurred on that date.

17. The Named Plaintiffs experienced an employment loss as part of or as the reasonably expected consequence of, the mass layoff which occurred on or about March 18, 2020.

18. Prior to their terminations, the Named Plaintiffs did not receive written notice at least 60 days in advance of the termination of their employment.

19. Nor did they receive as much notice as practicable under the circumstances.

20. Defendants failed to pay the Named Plaintiffs for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses, and accrued pay for vacation and personal days for the workdays in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendants' benefit plans had those plans remained in effect.

21. The Named Plaintiffs hereby demand a jury trial of all issues that may be so tried.

**WHEREFORE**, the Named Plaintiffs demand judgment as follows:

A. In favor of the Named Plaintiffs against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendants' health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

B. In favor of the Named Plaintiffs for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

    C. Interest allowed by law;

    D. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Carlos A. Mesa, Esq.
Mesa Litigation & Legal Consulting, P.A.
4960 SW 72 Avenue, Suite 206
Miami, Florida 33155
(305) 569-3005
cmesa@mesafloridalawyer.com

/s/Carlos A. Mesa 0067784